

# The Attorney General of Texas

October 14, 1980

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Doyle W. Neighbours
Criminal District Attorney
Brazoria County Courthouse
Angleton, Texas   77515

Opinion No. MW-257

Re:   Responsibility for construction
and maintenance of drainage district
bridges on county roads

Dear Mr. Neighbours:

You have requested our opinion regarding the responsibility for construction and maintenance of bridges on county roads in special districts. You first ask who is responsible for the construction and maintenance of bridges over watercourses in drainage districts, municipal utility districts, and water improvement districts.

Section 56.121 of the Water Code provides that the board of a drainage district:

> shall build necessary bridges and culverts across or over canals, drains, ditches, laterals, and levees which cross a county or public road and shall pay for the construction with funds of the district.

Section 55.166 imposes similar requirements for water improvement districts:

> The district shall build necessary bridges and culverts across and over district canals, laterals, and ditches which cross county or public roads. Funds of the district shall be used to construct the bridges and culverts.

Section 54.217 states the following with respect to municipal utility districts:

> All districts are given right-of-way along and across all public, state, or county roads or highways, but they shall restore the roads crossed to their previous condition of use, as nearly as possible at the sole expense to the district.

p. 813

Each of these statutes imposes upon the respective special district the duty of building bridges over watercourses which cross county roads.

Article 2351, V.T.C.S., however, prescribes that a commissioners court shall "build bridges and keep them in repair." In Hidalgo County Water Control & Improvement District No. 1 v. Hidalgo County, 134 S.W. 2d 464 (Tex. Civ. App. - San Antonio 1939, writ ref'd), the court reconciled this apparent conflict regarding the duty of building bridges:

> ...the primary duty rests upon the county to build and maintain or cause to be built and maintained all bridges necessary to the proper operation and maintenance of its roads, and even where that duty is delegated to other agencies... the primary duty still rests upon the county, so that if the secondary agency fails and refuses to perform, the county shall nevertheless put in and maintain such bridges, and exact reimbursement from the defaulter, through the courts, if necessary.

134 S.W. 2d at 466. We note that a county "may not recover for expenditures upon construction, repair or maintenance of bridges for roads laid out and opened by the County across pre-existing district canals." Id. at 468.

The court in Hidalgo County also made clear that the requirement of building bridges extended to their maintenance and repair:

> ...it was the intention of the legislature... to require... districts to restore county roads to the same condition of safety in which the districts find and cross them; to relieve the county of any expense made necessary by the intrusion of the district upon its prior easement. Because of the very nature of said intrusion — a sort of legal trespass — the statute by express language put the duty upon the district to restore the status quo ante, and by implication, to maintain that status so long as the district obstructs the free use of the county's prior easement.

Id. We conclude that a special district is charged with the duty of construction and maintaining bridges across county roads, but that if the district fails to perform such obligation, the county must construct and maintain the bridges, and exact reimbursement from the district. See Attorney General Opinion O-1018 (1939).

You also ask whether a county may specify replacement specifications for bridges over canals. Section 54.2271 of the Water Code makes such a provision for municipal utility districts:

> Construction work of a district located wholly or partly outside the extraterritorial jurisdiction of a city shall meet standards established by the commissioners court of the county in which the district is located to protect local drainage and to prevent flooding in flood-prone areas.

No such requirement is imposed for drainage districts or for water improvement districts, however, and in its absence, we do not believe the commissioners court is authorized to require compliance with particular specifications.

## SUMMARY

A special district under the Water Code is charged with the duty of constructing and maintaining bridges across county roads, but if the district fails to perform such obligation, the county must construct and maintain the bridges, and exact reimbursement from the district.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan Garrison, Acting Chairman
Jon Bible
Walter Davis
Rick Gilpin